IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV97-03-MU

| | |
|---|---|
| CARLOS CORTEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER SINGLETON et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 13, 2007. (Document No. 1.)

Plaintiff filed a seven page handwritten form Complaint. On the very top of the form Complaint, Plaintiff wrote "I whan (sic) one lawyers. I don't have money. Note: Lawyer will do this in his/her own fassion (sic). This is simply a jen. Jest (sic) of complaints." From this assertion the Court will assume that Plaintiff is asking for the assistance of a lawyer in connection with this § 1983 Complaint.

Appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. It does not appear that this case is of the type or complexity of case contemplated by the courts. Moreover, although Plaintiff is not primarily English speaking, he acknowledges that he speaks passable English and understands a

1

good bit and that he is educated. Based on the foregoing, Plaintiff would be able to litigate the instant case on his own. Therefore Plaintiff's motion for appointment of counsel is denied.

Next, it appears that Plaintiff has not completely fleshed out his claims in anticipation that the Court would appoint him counsel. Indeed, Plaintiff stated at the top of his form Complaint that a "lawyer will do this in his/her own fassion (sic). This is simply a jen. jest (sic) of complaints." Now that Plaintiff is aware that this Court has denied his motion for the appointment of counsel, Plaintiff may wish to seek the assistance of Prisoner Legal Services in drafting any new § 1983 complaint to be considered by this Court. However, the instant Complaint, as currently drafted, is rambling, mostly illegible and incomprehensible. Furthermore, the instant Complaint is completely conclusory and contains claims, that without supporting evidence, appear to be incredible. Therefore, Plaintiff's Complaint is dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for Appointment of Counsel, contained within his Complaint, is denied;

2) Plaintiff's Complaint is Dismissed without prejudice; and

3). Plaintiff's Motion for Leave to Proceed in forma pauperis (Document No. 2) is dismissed as moot.

**SO ORDERED**.

Signed: March 19, 2007

Graham C. Mullen
United States District Judge